UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MARCUS TRINIDAD MITCHELL, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | Case No. 21-CV-0101-CVE-JFJ |
| JIMMY MARTIN, | ) ) ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

Petitioner Marcus Mitchell, a state inmate appearing pro se, initiated this action on March 4, 2021, by filing a 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. # 1). On the record presented, the Court finds (1) that Mitchell must cure his failure to pay the filing fee necessary to commence this action and (2) that the petition must be dismissed without prejudice for lack of jurisdiction because it is an unauthorized second or successive habeas petition.

**I.**

Mitchell did not pay the $5 filing fee necessary to commence a federal habeas action or file a motion to proceed in forma pauperis when he filed his petition. See 28 U.S.C. §§ 1914(a), 1915(a). To cure the filing fee deficiency Mitchell must either (1) pay the $5 filing fee or (2) file a motion for leave to proceed in forma pauperis on the court-approved form. The Clerk of Court shall send to Mitchell one blank motion to proceed in forma pauperis (form AO-240), identified for Case No. 21-CV-0101-CVE-JFJ. No later than 21 days after the entry of this order, Mitchell shall either pay the required filing fee or file a completed motion to proceed in forma pauperis on the court-approved form.

## II.

When a petitioner files a habeas petition, a federal district court must "promptly examine it," and the court must summarily dismiss the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. On preliminary screening, the Court finds that the instant § 2254 petition must be dismissed because it is an unauthorized second or successive habeas petition.

Under 28 U.S.C. § 2244(b), a federal district court must dismiss claims asserted in a second or successive § 2254 petition if those claims were "presented in a prior application." 28 U.S.C. § 2244(b)(1).[1] In limited circumstances, the district court may consider claims presented in a second or successive § 2254 petition if those claims were not presented in a prior petition. 28 U.S.C. § 2244(b)(2). However, before a state prisoner files a second or successive § 2254 petition in federal district court, the prisoner must first file a motion "in the appropriate court of appeals for an order authorizing the district court to consider" the claims asserted in the second or successive § 2254 petition. 28 U.S.C. § 2244(b)(3)(A). If the court of appeals authorizes the filing of a second or successive § 2254 petition, the district court must then apply § 2244(b) to determine whether the individual claims asserted in the petition must be dismissed or may be entertained. Case v. Hatch, 731 F.3d 1015, 1026-27 (10th Cir. 2013).

Mitchell brings the instant § 2254 petition to challenge the lawfulness of his state custody under the judgment entered against him in the District Court of Washington County, Case No. CF-

---

[1] Sections 2244 and 2254 refer to an "application for writ of habeas corpus," but the case law discussing both sections often uses the terms "application" and "petition" interchangeably. The Court also uses the terms interchangeably herein.

2012-88. Dkt. # 1, at 1. He identifies one ground for habeas relief, alleging that the State of Oklahoma lacked jurisdiction to prosecute him because he is "an American Indian, and [his] crime occurred in Indian Country." Dkt. # 1, at 5. Mitchell alleges in his petition that he filed a prior § 2254 petition challenging the same state-court judgment he seeks to challenge through the instant § 2254 petition. Dkt. # 1, at 2-3; see Mitchell v. Dowling, No. 15-CV-459-JHP-FHM, 2016 WL 3033744 (N.D. Okla. May 26, 2016), appeal dismissed, 672 F. App'x 792 (10th Cir. Nov. 29, 2016). Through his prior § 2254 petition, Mitchell sought habeas relief on four grounds, claiming (1) that the evidence was not sufficient to support his convictions, (2) that the trial court deprived him of a fair trial by improperly admitting bad character evidence, (3) that he was denied his constitutional right to the effective assistance of trial counsel, and (4) that the cumulative effect of trial errors deprived him of a fair trial. See Dkt. # 1, Mitchell v. Dowling, N.D. Okla. Case No. 15-CV-459-JHP-FHM. On May 26, 2016, this court dismissed with prejudice Mitchell's prior § 2254 petition, finding that the petition, filed on August 17, 2015, was barred by 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations. Mitchell, 2016 WL 3033744, at *1, 4.

In the instant § 2254 petition, Mitchell appears to assert a new claim by alleging that the State of Oklahoma lacked subject-matter jurisdiction over his criminal prosecution. Dkt. # 1, at 5. Nevertheless, that claim challenges the validity of the same state-court judgment that Mitchell challenged in his prior § 2254 petition. Thus, the instant § 2254 petition is a second or successive habeas petition within the meaning of § 2244(b). See Burton v. Stewart, 549 U.S. 147, 153 (2007) (concluding that second-in-time habeas petition was "second or successive" under § 2244(b) because the state prisoner "twice brought claims contesting the same custody imposed by the same judgment of a state court"); In re Rains, 659 F.3d 1274, 1275 (10th Cir. 2011) ("The dismissal of [the

petitioner's] first habeas petition as time-barred was a decision on the merits, and any later habeas petition challenging the same conviction is second or successive and is subject to [§ 2244(b)'s] requirements.").

As a result, Mitchell was required to obtain authorization from the United States Court of Appeals for the Tenth Circuit before filing the instant § 2254 petition. See 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by [§ 2244(b)] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Nothing in the instant § 2254 petition suggests that Mitchell either sought or obtained permission to file a second or successive habeas petition. Dkt. # 1, generally. Because Mitchell failed to obtain the requisite authorization, the Court dismisses his unauthorized second or successive habeas petition for lack of jurisdiction. See In re Cline, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam) ("A district court does not have jurisdiction to address the merits of a second or successive . . . § 2254 claim until [the court of appeals] has granted the required authorization.").[2]

---

[2] The Court recognizes that it has discretion to transfer this matter to the Tenth Circuit for authorization. See Cline, 531 F.3d at 1252; 28 U.S.C. § 1631. But the Court finds that the "interest of justice" does not warrant transfer in this case for two reasons. See Cline, 531 F.3d at 1250-53 (discussing factors to consider in determining whether transfer under § 1631 is appropriate). First, as just discussed, Mitchell's prior § 2254 petition, filed in August 2015, was dismissed with prejudice as time-barred. His instant § 2254 petition, filed in March 2021 is likewise time-barred and there are no allegations in the petition suggesting that Mitchell could overcome the untimeliness of his instant § 2254 petition. Dkt. # 1, generally. Second, the allegations in the instant § 2254 petition suggest that Mitchell presented his newly asserted claim to the state district court through an application for postconviction relief, but it does not appear that he properly exhausted available state remedies by presenting that claim to the Oklahoma Court of Criminal Appeals through a postconviction appeal. Dkt. # 1, at 3-6; see 28 U.S.C. § 2254(b)(1)(A) (providing federal habeas courts generally may not grant relief unless petitioner has exhausted available state remedies). For these reasons, the Court declines to transfer this matter to the Tenth Circuit.

Should Mitchell intend to pursue a habeas action asserting his newly asserted claim, he must first file a motion for authorization in the United States Court of Appeals for the Tenth Circuit, requesting permission to file a second or successive habeas petition in this court, as required by § 2244(b)(3)(A).

### III.

As a final matter, the Court finds that reasonable jurists would not debate the Court's conclusion that Mitchell's instant § 2254 petition is an unauthorized second or successive habeas petition over which this Court lacks jurisdiction. The Court therefore declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rule 11, Rules Governing Section 2254 Cases in the United States District Courts.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The Clerk of Court shall **send** to Mitchell one blank motion to proceed in forma pauperis (form AO-240), identified for **Case No. 21-CV-0101-CVE-JFJ**.

2. No later than 21 days after the entry of this order, **or on or before May 4, 2021**, Mitchell shall either (a) **pay** the $5 filing fee **or** (b) **file** a completed motion to proceed in forma pauperis on the court-approved form.

3. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed without prejudice** for lack of jurisdiction as an unauthorized second or successive habeas petition.

4. A certificate of appealability is **denied**.

5. A separate judgment shall be entered in this matter.

**DATED** this 13th day of April, 2021.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

5